**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

ROBERT JUSTIN LOWERS,

Plaintiff,

v. CIVIL ACTION NO. 2:16-cv-02785

VALLEY DIAGNOSTIC LABORATORIES, INC., et al.,

Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendants' Motion to Dismiss [ECF No. 7]. The defendants seek to dismiss certain claims asserted in the plaintiff's Amended Complaint [ECF No. 4] pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons described below, the Motion is **GRANTED in part** and **DENIED in part**.

## I. Background

The plaintiff's Amended Complaint asserts claims under the Americans with Disabilities Act ("ADA"), the Fair Labor Standards Act ("FLSA"), and the West Virginia Wage Payment and Collection Act ("WPCA"). These claims arise from the plaintiff's alleged misclassification as an independent contractor as opposed to an employee of the defendants. Am. Compl. 1. This misclassification deprived the

plaintiff of "overtime compensation and other benefits of employee status." *Id.* The plaintiff alleges his damages include the employer's share of the Federal Income Contribution Act ("FICA") tax burden, which was shouldered entirely by the plaintiff.[1] *Id.* Upon notifying the defendant employer of the misclassification, the employer changed the plaintiff's status to employee, and the plaintiff continues to be employed by the defendants. *Id.* ¶¶ 4, 9.

## II. Standard

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts allowing the court to draw the reasonable inference that the defendant is liable, moving the claim beyond the realm of mere possibility. *Id.* Mere "labels and conclusions" or "formulaic

[1] When classified as an employee, the employer must withhold approximately 7.65 percent of the employee's wages to be paid to the IRS (i.e., the employee share) and the employer pays an additional 7.65 percent (i.e., the employer share). When classified as an independent contractor, the individual is responsible for paying the entire 15.3 percent. *See* 26 U.S.C. § 3101, et seq.

recitation[s] of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555.[2]

## III. Analysis

### a. ADA Claims

The plaintiff has expressly conceded the defendants' challenges to his ADA-based claims. Resp. 1 n1 [ECF No. 11]. It follows that the defendants' Motion is **GRANTED** as to this matter, and the plaintiff's ADA-based claims are **DISMISSED**.

### b. FLSA Claims

In his Amended Complaint, the plaintiff alleges he suffered damages under the FLSA by working unrecorded overtime hours; by paying the full amount of his FICA tax contribution because his employer did not pay the employer share; and by being deprived of unemployment compensation benefits in the event he is terminated. Am. Compl. ¶ 19.

The defendants argue that the plaintiff's damages under the FLSA are limited to unpaid overtime and liquidated damages in the same amount. Mem. Supp. Mot. Dismiss 6 [ECF No. 6]. The defendants argue that the unpaid employer FICA contributions are not recoverable under the FLSA. The plaintiff concedes this argument. Resp. 8–9. Nor does the plaintiff make a counterargument to the defendants' contentions that the FLSA does not recognize damages for unpaid unemployment compensation benefits. Accordingly, the defendants' Motion is

[2] The plaintiff has conceded the challenge to the claim that implicated Rule 12(b)(1), so that standard is not presented here.

**GRANTED** to the extent it seeks to limit the plaintiff's recovery under the FLSA to unpaid overtime and liquidated damages.

**c. WPCA Claims**

The defendants seek to dismiss the plaintiff's claims under the WPCA on several grounds. First, the defendants argue that the WPCA does not consider overtime payments to be "wages" capable of recovery. Mem. Supp. Mot. Dismiss 9 (citing W. Va. Code § 21-5-4(e)). But the plaintiff does not appear to be seeking damages for unpaid overtime under the WPCA, so the court finds it unnecessary to address this argument. The defendants' Motion is **DENIED as moot** to the extent it seeks to dismiss claims for unpaid overtime under the WPCA.

The defendants also seek to dismiss the claims for unpaid FICA taxes as outside the definition of wages for which an employee could recover under the WPCA and because FICA "do[es] not provide for a private cause of action." Mem. Supp. Mot. Dismiss 9 (relying on *Westfall v. Kendle Intern., CPU, LLC*, No. 1:05-cv-00118, 2007 WL 486606, *16–17 (N.D. W. Va. Feb. 15, 2007)). The plaintiff acknowledges that the unpublished and uncontrolling *Westfall* case is on point, but argues for a different interpretation of the WPCA that would encompass "FICA and other employment-related, legally-required withholdings from the wages of employees" as "wages" within the meaning of the WPCA. Resp. ¶ 20. Though made in good faith, the court finds it unnecessary to reach the state statutory interpretation issue.

At root, the plaintiff is seeking to recover erroneously assessed FICA taxes—erroneous in the sense that the plaintiff overpaid in the amount his employer should have paid on the plaintiff's behalf. However styled, such a claim is squarely within the "comprehensive regulatory scheme" created by federal tax statutes, which include "numerous administrative procedures" designed to provide relief to individuals like the plaintiff. *See McDonald v. S. Farm Bureau Life Ins.*, 291 F.3d 718 (11th Cir. 2002) (listing the various procedures and recourse available to an employee misclassified as an independent contractor who has paid the employer's share of the FICA tax burden).

A number of circuits have dismissed similar FICA-related claims based on the absence of a private right of action under FICA, preemption, the failure to exhaust mandatory administrative remedies, or some combination of the foregoing. *See, e.g.*, *McDonald*, 291 F.3d at 722 (finding that an employee cannot "sue his employer for proper payment of FICA taxes" because there is no express or implied private right of action); *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 65 (3d Cir. 2008) (agreeing with *McDonald* that FICA does not create a private right of action and further holding that IRS regulations preempt "state-law claims for damages based on classification as an independent contractor rather than an employee"); *Johnson v. S. Farm Bureau Life Ins.*, 213 F.3d 635 (5th Cir. 2000) (unpublished table decision) (finding a misclassified employee had "no legitimate cause of action" against his employer because "federal law provides the exclusive remedy for an alleged overpayment of

taxes"); *Berera v. Mesa Med. Grp.* 779 F. 3d 352, 359 (3d Cir. 2015) (construing 26 U.S.C. § 7422 as a mandatory exhaustion of remedies requirement for tax-refund lawsuits, mandating dismissal of an employee's state-law claims for unpaid wages related to FICA).

The gist of all of these opinions is that an employee's claim stemming from the payment or non-payment of FICA taxes is not cognizable against his employer. Rather, such complaints should proceed through the administrative framework designed to handle them. Accordingly, the court is compelled to dismiss this claim. The plaintiff may not pursue his claim for FICA taxes against his employer under the guise of a state law claim or otherwise. The defendants' Motion is **GRANTED** to the extent it seeks dismissal of the plaintiff's claims for FICA and other tax-related withholdings under the WPCA.

## IV. Conclusion

In sum, the Motion to Dismiss [ECF No. 7] is **GRANTED in part** and **DENIED as moot in part**. The plaintiff's claims under the ADA are **DISMISSED**, the claims for unpaid employer FICA contributions and unpaid unemployment benefits under the FLSA are **DISMISSED**, and the claims brought under the WPCA are **DISMISSED**. Only the claims for unpaid overtime and liquidated damages in that amount under the FLSA persist.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 9, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE